LINDA J. SMITH (S.B. # 78238)
lsmith@omm.com
ROBIN M. WALL (S.B. # 235690)
rwall@omm.com
AMY R. LUCAS (S.B. # 264034)
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:    (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Plaintiff
Hollywood Foreign Press Association

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYWOOD FOREIGN PRESS ASSOCIATION, a California Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>RED ZONE CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership; DICK CLARK PRODUCTIONS, INC., a Delaware Corporation; RED ZONE CAPITAL GP, LLC, a Delaware Limited Liability Company; RED ZONE CAPITAL MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; DOES 1 through 10,<br><br>                    Defendants. | Case No. CV10-8833 VBF (FMOx)<br><br>**PLAINTIFF'S ANSWER TO DCP'S COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>Judge: Hon. Valerie Baker Fairbank<br>Room: Courtroom 9<br><br>Complaint filed: November 17, 2010<br>Trial Date:        September 6, 2011<br>Counterclaims filed: March 28, 2011<br><br>**JURY DEMANDED** |
| DICK CLARK PRODUCTIONS, INC., a Delaware Corporation,<br><br>                    Counterclaimant,<br><br>          v.<br><br>HOLLYWOOD FOREIGN PRESS ASSOCIATION, a California Corporation,<br><br>                    Counter-defendant. | |

Plaintiff Hollywood Foreign Press Association ("HFPA") hereby answers the Counterclaims of Defendant dick clark productions, inc. ("dcp" or "Defendant") as follows:

1.     Plaintiff admits that dcp produces television programming, that it has produced the "Golden Globe Awards," and that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2900 Olympic Blvd., Santa Monica, California 90404.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, denies such allegations.

2.     Plaintiff admits the allegations of Paragraph 2.

3.     Plaintiff denies the allegations of Paragraph 3.

4.     Plaintiff admits that for the first five years that dcp produced the Golden Globes, the Awards show was taped and sold via syndication.  Plaintiff admits that TBS aired the next seven telecasts, from 1989 to 1995.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation that dcp was an established television production company with an unblemished track record and, on that basis, denies that allegation.  Plaintiff denies the remaining allegations of Paragraph 4.

5.     Plaintiff denies the allegations of Paragraph 5.

6.     Plaintiff admits that since 1983 dcp has been the producer of the Golden Globe Awards show, and that since 1996 dcp has licensed the Awards show on television to the NBC television network in the United States.  Plaintiff denies the remaining allegations of Paragraph 6.

7.     Plaintiff admits that dcp and the HFPA entered into an agreement dated as of March 13, 1987, amended November 13, 1989, September 22, 1993, and May 20, 1997 (the "Awards Agreement").  Plaintiff denies the remaining allegations of Paragraph 7.

8.      Plaintiff admits that in 1993, after obtaining HFPA's approval, NBC and dcp entered into a finite, multi-year deal to broadcast the Golden Globe Awards show, and that in 2001, again after obtaining HFPA's approval, the dcp-NBC deal was extended for a finite number of years through 2011.  Plaintiff denies the remaining allegations of Paragraph 8.

9.      Plaintiff refers to the 1993 Amendment as to its contents.  Plaintiff denies the remaining allegations of Paragraph 9.

10.     Plaintiff refers to the 1993 Amendment and the 2001 Exercise of Options as to their contents.  Plaintiff denies the remaining allegations of Paragraph 10.

11.     Plaintiff admits that dcp now contends, and has informed the HFPA, that "the [Awards] Agreement entitles dcp to exercise additional options by virtue of dcp's having extended its existing agreement with NBC."  Plaintiff denies the remaining allegations of Paragraph 11.

12.     Plaintiff admits that the Awards Agreement does not grant dcp any additional options to produce the Golden Globe Awards show based on dcp's purported unilateral extension of its agreement with NBC in 2010.  Plaintiff admits that it does not consider dcp's 2010 Exercise of Options to be valid and that it will not grant dcp additional options under the Awards Agreement based on dcp's purported unilateral extension of its agreement with NBC in 2010.  Plaintiff denies the remaining allegations of Paragraph 12.

13.     Plaintiff admits the allegations contained in Paragraph 13.

14.     Plaintiff denies the allegations contained in Paragraph 14.

15.     Plaintiff admits that the Pre-Show Agreement has expired, and has no further force and effect.  Plaintiff lacks knowledge or information sufficient to form a belief about the nature of "dcp's contentions" and accordingly whether "[t]he HFPA disagrees with dcp's contentions."

16.   Plaintiff admits that dcp's Counterclaims arise from the same case or controversy as the original claims brought by HFPA over which the Court has jurisdiction.  The remaining allegations of Paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, HFPA denies the allegations of Paragraph 16.

17.   Plaintiff admits that venue is proper in this district because a substantial part of the events or omissions giving rise to the Counterclaims occurred in this district.

18.   Plaintiff repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 17, as if fully set forth herein.

19.   Plaintiff admits that an actual controversy exists between dcp and HFPA concerning the parties' respective rights and duties under the Awards Agreement.  Plaintiff denies the remaining allegations of Paragraph 19.

20.   Plaintiff admits that the Awards Agreement does not grant dcp any additional options to produce the Golden Globe Awards show based on dcp's purported unilateral extension of its agreement with NBC in 2010.  Plaintiff admits that it does not consider dcp's 2010 Exercise of Options to be valid and that it will not grant dcp additional options under the Awards Agreement based on dcp's purported unilateral extension of its agreement with NBC in 2010.  Plaintiff denies the remaining allegations of Paragraph 20.

21.   The allegations of Paragraph 21 state a request for relief to which no response is required.  To the extent such a response is required, Plaintiff denies the allegations of Paragraph 21.

22.   Plaintiff repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 21, as if fully set forth herein.

23.   Plaintiff admits that an actual controversy exists between dcp and HFPA concerning the parties' respective rights and duties under the Pre-Show Agreement.  Plaintiff denies the remaining allegations of Paragraph 23.

PLAINTIFF'S ANSWER TO
DCP'S COUNTERCLAIMS
CASE NO.  CV10-8833 VBF (FMOx)

24.     Plaintiff admits that there exists a dispute as to whether the Pre-Show Agreement has expired, and that the Pre-Show Agreement has expired, and has no further force and effect.  Plaintiff lacks knowledge or information sufficient to form a belief about the nature of "dcp's contentions" and accordingly whether the "HFPA contests dcp's contentions."

25.     The allegations of Paragraph 25 state a request for relief to which no response is required.  To the extent such a response is required, Plaintiff denies the allegations of Paragraph 25.

## PRAYER FOR RELIEF

1.     Plaintiff denies that dcp is entitled to the requested relief.

2.     Plaintiff denies that dcp is entitled to the requested relief.

3.     Plaintiff denies that dcp is entitled to the requested relief.

4.     Plaintiff denies that dcp is entitled to the requested relief.

5.     Plaintiff denies that dcp is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Plaintiff sets forth below its affirmative defenses.  In so doing, Plaintiff does not assume the burden of proving any issue or element of a cause of action where such burden properly belongs to the Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (Lack/Failure of Consideration)

1.     Defendant's counterclaims are barred, in whole or in part, because of a lack of or failure of consideration.

## SECOND AFFIRMATIVE DEFENSE

### (Mistake)

2.     Defendant's counterclaims are barred, in whole or in part, by the defenses of unilateral and/or mutual mistake.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

3.     Defendant's counterclaims are barred, in whole or in part, by the doctrine of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

#### (Mootness)

4.     Defendant's counterclaims for declaratory relief, which are the mirror image of Plaintiff's claims, will be moot upon resolution of HFPA's claims.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.     Defendant's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### (Right to Assert Additional Affirmative Defenses)

6.     HFPA is informed and believes and on such basis alleges that it may have additional defenses available to it, which are not fully known and of which it is not presently aware.  HFPA reserves the right to raise and assert further additional defenses after such defenses have been ascertained.

### **PLAINTIFF-COUNTERDEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Counterdefendant HFPA prays as follows:

1.     That dcp take nothing by reason of its Counterclaims, and that judgment be entered in favor of Plaintiff;

2.     That Plaintiff be awarded its costs and expenses of suit, including attorneys' fees; and

3.     For such other and further relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:   April 18, 2011

LINDA J. SMITH
ROBIN M. WALL
AMY R. LUCAS
O'MELVENY & MYERS LLP


By:  /s/ Linda J. Smith
       Linda J. Smith
Attorneys for Plaintiff
Hollywood Foreign Press Association

6