| | |
|---|---|
| 1 | LINDA J. SMITH (S.B. # 78238) |
| | lsmith@omm.com |
| 2 | ROBIN M. WALL (S.B. # 235690) |
| | rwall@omm.com |
| 3 | AMY R. LUCAS (S.B. # 264034) |
| | alucas@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1999 Avenue of the Stars, 7th Floor |
| 5 | Los Angeles, California  90067-6035 |
| | Telephone:    (310) 553-6700 |
| 6 | Facsimile:    (310) 246-6779 |
| 7 | Attorneys for Plaintiff |
| | Hollywood Foreign Press Association |
| 8 | |
| | (*Continued on Next Page*) |
| 9 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HOLLYWOOD FOREIGN PRESS ASSOCIATION, a California Corporation, | Case No.  CV10-8833 VBF (FMOx) |
| | **STIPULATED PROTECTIVE ORDER AND ORDER RE: PRIVILEGE LOGS** |
| Plaintiff, | |
| v. | Judge: Hon. Valerie Baker Fairbank |
| RED ZONE CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership; DICK CLARK PRODUCTIONS, INC., a Delaware Corporation; RED ZONE CAPITAL GP, LLC, a Delaware Limited Liability Company; RED ZONE CAPITAL MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; DOES 1 through 10, inclusive, | **NOTE CHANGES MADE BY THE COURT.** |
| Defendants. | |

1 | (*Continued From Previous Page*)
2 | RONALD L. OLSON
(State Bar No. 44597)
3 | Ron.Olson@mto.com
BRADLEY S. PHILLIPS
4 | (State Bar No. 085263)
Brad.Phillips@mto.com
5 | MANUEL F. CACHAN
(State Bar No. 216987)
6 | Manuel.Cachan@mto.com
KYLE A. CASAZZA
7 | Kyle.Casazza@mto.com
(State Bar No. 254061)
8 | MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
9 | Thirty-Fifth Floor
Los Angeles, CA 90071-1560
10 | Telephone: (213) 683-9100
Facsimile: (213) 687-3702
11 |
MARTIN D. KATZ (S.B. # 110681)
12 | mkatz@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
13 | HAMPTON LLP
1901 Avenue of the Stars
14 | Suite 1600
Los Angeles, CA 90067
15 | Telephone: (310) 228-3700
Facsimile: (310) 228-3701
16 |
Attorneys for Defendants,
17 | RED ZONE CAPITAL PARTNERS II, L.P.,
DICK CLARK PRODUCTIONS, INC.,
18 | RED ZONE CAPITAL GP, LLC, and RED
ZONE CAPITAL MANAGEMENT
19 | COMPANY, LLC

**WHEREAS**, pursuant to Federal Rules of Civil Procedure 26(c) and 29, and Local Rule 79-5, the Court deems it appropriate to limit the disclosure of certain confidential information produced in the course of discovery, and the Court, having reviewed and considered the Stipulated Protective Order and Order Regarding Privilege Logs, finds good cause for the entry therof,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the terms of the Stipulated Protective Order and Order Regarding Privilege Logs ("Protective Order"), set forth below, are approved and are hereby adopted by the Court and entered on the record.

## I. **DEFINITIONS**

A. "Communicate" means disclose, provide, show, or make available in any way to another person or entity.

B. "CONFIDENTIAL" is a designation that, for purposes of expediency only, may be applied to any Document or thing produced in this action. However, if such designation is challenged, the Designating Party shall bear the burden of showing that such Document or thing constitutes, contains, or reveals its confidential commercial, financial, or personnel information relating to its business, whereby the unrestricted disclosure or dissemination of such information to third parties could adversely impact its business, or other information of a confidential, proprietary, private, or personal nature. Information designated as "CONFIDENTIAL" may be used and communicated only as provided in this Protective Order.

C. "Confidential Information" is any Document or thing designated with the "CONFIDENTIAL" designation provided herein.

D. "Copy" means any reproduction, depiction, or sample of any Document or material, tangible thing, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

1  E. "Designating Party" means any Party or any third party from whom discovery is sought in this action and who invokes the protections of this Protective Order.

F. "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, any written, printed, graphic, audio, audiovisual or otherwise recorded matter, however produced or reproduced (including without limitation electronically), all "writings," as defined in Federal Rule of Evidence 1001, of any nature, whether on paper, magnetic tape or disk, or other information storage means, including film and computer memory devices, and any electronically stored information.

G. "In-House Counsel" means an employee in the legal department (or the functional equivalent) of a Party whose responsibilities consist of performing legal services for a Party.

H. "Outside Counsel" means outside counsel (including counsel of record) for each Party, including all attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as temporary personnel retained by such law firm(s) to serve as an expert witness, to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who has been, is, or becomes a(n) owner, director, officer, shareholder, partner, member, consultant, or employee of a Party shall be considered Outside Counsel.

I. "Party" means every party to this action and every director, officer, manager, managing entity, management consultant, partner, member, or employee (or the functional equivalent) of every party to this action.

J. "Privilege" or "Privileged" refers to the attorney-client privilege, attorney work-product doctrine, or any other claim of privilege to justify withholding otherwise discoverable information.

K. "Receiving Party" means any Party who has received discovery from

any other Party or any third party.

## II. DESIGNATION FOR AND METHODS OF PROTECTION

A. **Materials Subject to Designation**. Any Party or third party from whom discovery is sought may designate any of the following as a form of Confidential Information under the terms of this Protective Order: deposition testimony; written discovery; Documents and things produced pursuant to document production requests or third party subpoenas; expert witness reports; hearing testimony; briefs or argument submitted to the Court or from one Party to another; and facilities or other physical locations made available for inspection (and the material inspected within those facilities or other physical locations).

B. **Derivative Materials**. Any extract, summary, compilation or other material derived in whole or in part from Confidential Information shall itself be deemed to be Confidential Information, and the dissemination and use thereof shall be governed by this Protective Order.

C. **Avoidance of Harm.** This Protective Order shall be construed so as to prevent the specific harm that will occur from unauthorized disclosure of the parties' commercially sensitive business, personal and private or other confidential information. By way of example, only, the unauthorized disclosure of the terms of the Parties' production and broadcast licensing agreements for the Golden Globe awards show, would reveal privately negotiated, specialized commercial relationships between the parties or between a party and third-party commercial entities and thus potentially harm those relationships and any economic advantage that they provide. Similarly, the unauthorized disclosure of business planning, strategy, or marketing documents concerning the production and licensing of the Golden Globe awards show may reveal the Parties' commercial goals and commitment to commercial objectives not commonly known by others. Such unauthorized disclosures may destroy the competitive advantage and/or economic value bestowed by such information. The unauthorized disclosure of personal

identifiers and private contact information and personnel and internal grievance issues and procedures would harm individuals' personal and privacy interests and cause public embarrassment. Such unauthorized disclosures may also harm the parties' relationships with third parties and compromise the ability of the parties to put on the Golden Globe awards show. The unauthorized disclosure of information regarding high-profile invited guests and attendees of the Golden Globe awards show would harm individual personal and privacy interests and the parties' relationships with those individuals, and may compromise the ability of the parties to put on the Golden Globe awards show.

D. **Information Subject to Designation**.

1. A party may designate as "CONFIDENTIAL" such Confidential Information, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the Designating Party in good faith believes contain:

    a. highly sensitive, non-public and confidential commercial information concerning production and broadcast licensing and other agreements related to the Golden Globe awards show. The unauthorized disclosure of this material would reveal privately negotiated, specialized commercial relationships between the parties or between a party and other third-party commercial entities and thus, potentially harm those relationships and any economic advantage that they provide;

    b. highly sensitive, non-public and confidential financial statements and information concerning production and broadcast license fees, costs and profits or loss. The unauthorized disclosure of this material would reveal the financial details of a Designating Party's business thereby undermining the economic value of this information;

    c. highly sensitive, non-public and confidential business

planning, strategy, or marketing documents concerning the production and licensing of the Golden Globe awards show. The unauthorized disclosure of this material would reveal a party's commercial goals and commitment to commercial objectives not commonly known by others. Such unauthorized disclosures may destroy the competitive advantage and/or economic value bestowed by such information;

      d.    highly sensitive, non-public and confidential information relating to personnel and internal grievance issues and procedures. The unauthorized disclosure of this material would harm individuals' personal and privacy interests and cause public embarrassment. Such unauthorized disclosures may also harm the parties' relationships with third parties and compromise the ability of the parties to put on the Golden Globe awards show;

      e.    highly sensitive, non-public, confidential personal identifier information, including home phone numbers, personal cell numbers, home addresses, personal email addresses, social security numbers and other personal identifiers pursuant to Local Rule 79-5.4. The unauthorized disclosure of this material would harm individual personal and privacy interests. Such unauthorized disclosures may also harm the parties' relationships with third parties and compromise the ability of the parties to put on the Golden Globe awards show;

      f.    highly sensitive, non-public, confidential information, regarding high-profile invited guests and attendees of the Golden Globe awards show, including personal identifiers pursuant to Local Rule 79-5.4. The unauthorized disclosure of this material would harm individual personal and privacy interests. Such unauthorized disclosures would also harm the parties' relationships with high-profile invited guests and attendees and compromise the ability of the parties

to put on the Golden Globe awards show;

  g. documents for which a Party is contractually obligated to maintain the confidentiality of the contents of the document. Such unauthorized disclosures would harm the Parties' relationships with third parties and compromise the ability of the Parties to put on the Golden Globe awards show; and

  h. those other materials that have not been made public, that are not generally known, and which the Designating Party would normally not reveal to third-parties without requiring such third-parties to maintain such material in confidence.

E. **Manner of Designation of Confidential Information**.

 1. <u>Designation of Documents and Things</u>. A Designating Party shall designate Confidential Information by placing a clear, permanent legend on each page of any Document being designated or, in the case of physical objects, computer disks, or other tangible things, on the thing itself or on the container in which it is produced. The legend shall bear the word "CONFIDENTIAL." All Documents and things shall be so designated by the Designating Party prior to their production or delivery, except as set forth below.

 2. <u>Designation of Electronic Documents</u>. All Documents of a Party that are electronic in their native format shall be produced to the Requesting Party in electronic format. The Designating Party shall designate Confidential Information by coding individual Documents with a metadata field indicating such designation and, for Documents produced in native format, by affixing a permanent legend on the physical device or disk containing the production. The permanent legend shall bear the word "CONFIDENTIAL." The Receiving Party has the obligation to affix the appropriate legend on the first page of any Designating Party's electronic

Document that the Receiving Party and/or its consultant(s) and testifying expert(s) may use in print format. The Receiving Party also has the obligation to treat the electronic Documents, copies thereof, and printouts of any Document as Confidential Information so designated under this Protective Order.

3. To expedite discovery in this action, a Designating Party may make Documents and things available for inspection prior to the placement of a legend thereon, without thereby waiving the protections of this Protective Order. Thus, the Designating Party may advise the requesting Party that some or all of the Documents or things to be produced for inspection are designated as confidential pursuant to this Protective Order and that the information or materials may be inspected by a Party only in a manner that is consistent with the terms of this Protective Order. After the inspection, the Designating Party may then designate the Documents and things by marking them with a legend indicating their confidentiality prior to delivery of copies to the requesting Party's counsel. In such cases, permitting such initial inspections shall not constitute waiver of confidentiality with respect to any Document or thing so inspected.

4. <u>Designation of Deposition Testimony</u>. If in the course of a deposition any Confidential Information is used (whether as an exhibit or otherwise) with or elicited from a witness, the portion of the transcript in which such Confidential Information is contained may be designated under this Protective Order. To so designate such portion of a transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order shall state on the record that the testimony or portion thereof is being designated as Confidential Information or do so within 30 days following receipt of the deposition transcript. Deposition testimony shall not be considered Confidential Information under this Protective Order until it is so

designated.  Unless otherwise ordered by the Court, the Designating Party shall have the right to have all persons, except the deponent and his/her counsel and such other persons as are permitted under the terms of this Protective Order to have access to Confidential Information, excluded from a deposition during the taking of the testimony designated pursuant to this Protective Order.

F. **Inadvertent Production or Failure to Designate**.

1. In the event that any Document or thing qualifying for designation as Confidential Information is inadvertently produced without the proper designation, the producing Party shall identify such Document or thing promptly after its inadvertent production is discovered and provide a copy of such Document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the undesignated Document or thing. Upon written request by the producing Party, the Receiving Party will provide written verification of compliance with this provision.  Nothing herein shall prevent the Receiving Party from contending that any such Document or thing was not inadvertently produced, or that the Document does not contain Confidential Information.

G. **Treatment of Confidential Information**.

1. "CONFIDENTIAL." All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of a Party), shall be used only for the purposes of and in connection with this action, and not for any business, commercial, or other purpose whatsoever. Such information shall not be Communicated to any person or entity other than:

a. Any current or former director, officer, or manager of any Party to this action, to whom counsel in good faith believes disclosure is necessary for preparation of the case, provided that CONFIDENTIAL Documents or information shall not be disclosed to any former director, officer, or manager until such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A;

b. Outside Counsel to whom it is necessary to disclose Confidential Information for purposes of this action;

c. In-House Counsel, but only to the extent necessary to assist in the conduct or preparation of this litigation;

d. Any person who is expressly retained or sought to be retained by a Party as an outside consultant or consulting expert or as an outside testifying expert, provided that (i) the CONFIDENTIAL Document or information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with this action; and (ii) such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A and provides an executed copy to each Party;

e. With respect to any particular Document that has been designated as CONFIDENTIAL, the author or addressee of that particular Document, as well as any person who prepared or reviewed that Document prior to the date this action was filed;

f. Any person who is designated to receive CONFIDENTIAL Documents by order of the Court or by written stipulation of the Parties;

g. The Court, court personnel, any court or deposition reporters used in connection with this action, and any such reporter's support personnel; and

    h.  Outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, electronic discovery vendors, coders and keyboard operators who are employed in connection with this action.

  2.  The foregoing agreed limitations on the disclosure of Confidential Documents and information are without prejudice to the ability of any Party to seek additional protections for confidential documents or information should it believe that such protections are warranted.

  H.  **Request for Additional Disclosure**.  If any counsel of record desires to Communicate a Designating Party's Confidential Information to any person other than those otherwise permitted access to such information under the terms of this Protective Order, such counsel shall first obtain written consent of the Designating Party or the Court authorizing such disclosure.  Except as expressly agreed in writing by the Designating Party or ordered by the Court, each person to whom the Confidential Information is to be Communicated must execute a written Confidentiality Agreement, in the form attached hereto as Exhibit A and an executed copy must be provided to each Party.

  I.  **Maintenance of Designated Information**.  Counsel to the Parties and those persons to whom disclosure is permitted under the terms of this Protective Order who have received Confidential Information that is provided pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

  J.  **Stenographers and Videographers**.  Any stenographer or videographer shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties, as long as that stenographer or videographer

has executed and delivered to the Parties' counsels of record a Confidentiality Agreement in the form attached hereto as Exhibit A.  The stenographer may allow a deponent to review the original transcript or may deliver the original transcript for such review to the attorney for a deponent, if that attorney has executed and delivered to the Party's counsel of record a Confidentiality Agreement in the form attached hereto as Exhibit A or is one of the Outside Counsel or In-House Counsel defined above.

### III. ADDITIONAL PROVISIONS

A. **Privilege**.

1. In fulfilling its duties under Federal Rule of Civil Procedure 26(b)(5), each Party will prepare Privilege logs identifying Documents or portions of Documents withheld on the basis of Privilege.  The Privilege log will include the following information for each Document withheld from production or redacted on the basis of Privilege:  date, type of Document, subject matter, author(s), addressee(s), copied to, Privilege asserted, and basis for Privilege.  The parties will supplement their Privilege logs as they serve additional discovery responses.  All Privilege logs shall be completed and served as soon as practicable and in no event later than April 29, 2011.

2. The Parties recognize that the preparation of Privilege logs in this matter will require significant expense.  In an effort to contain such costs and to promote efficiency and economy, all Parties may exclude from their respective Privilege logs:

    a. All Privileged Documents relating to the above-captioned action that were prepared after November 17, 2010, which is the date of the filing of this action; and

    b. All Documents that constitute a Privileged communication between a Party and its Outside Counsel or In-House Counsel, where no third party is a recipient, copy recipient, or is

1  otherwise party to the communication.  Communications that are only
2  copied, cc'd, or bcc'd to In-House Counsel or Outside Counsel may
3  not be excluded from the Privilege logs.
4      3.    This stipulation will not alter the Parties' document retention
5  obligations, nor will it alter the Parties' obligations to redact Privileged
6  material from otherwise non-Privileged, responsive Documents and to
7  produce such Documents in redacted form along with a redaction log.
8  Further, nothing in this stipulation is intended to create any Privilege where it
9  would otherwise not exist, or to preclude a Party from challenging the
10 existence of any claimed Privilege, or to preclude a Party from seeking the
11 identification of specific Documents as to which Privilege is claimed in order
12 to challenge such claimed Privilege by motion.
13     4.    In the event that any Document or thing containing or
14 constituting privileged attorney-client communications or protected by the
15 attorney work product or other applicable doctrine is inadvertently produced,
16 the producing Party shall notify the Receiving Party promptly after it is
17 discovered that the Privileged material was inadvertently produced for
18 inspection or provided, and upon receipt of such notification the Receiving
19 Party shall promptly return to counsel for the disclosing Party any and all
20 copies of such Document or thing and thereafter refrain from any use
21 whatsoever, in this case or otherwise of such Document or thing.  Nothing
22 herein shall prevent the Receiving Party from contending that any such
23 Document or thing was not inadvertently produced or that Privilege was
24 waived for reasons other than the mere inadvertent production thereof.
25     5.    In the event that a Receiving Party receives a Document or thing
26 containing privileged attorney-client communications or that is protected by
27 the attorney work product or other applicable doctrine that the Receiving
28 Party believes has been inadvertently produced, the Receiving Party shall

notify the disclosing Party promptly after it is discovered that the Privileged material may have been inadvertently produced for inspection or provided. If a producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the producing Party any and all copies of such Document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such Document or thing. Nothing herein shall prevent the Receiving Party from contending that any such Document or thing was not inadvertently produced, or that Privilege was waived for reasons other than the mere inadvertent production thereof.

B. **Filing Documents with the Court**. Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation. Prior to the commencement of trial, a Party wishing to file any pleading or other document that contains Confidential Information shall provide the Designating Party with at least five (5) days advance notice of the intended filing of the document. If the Designating Party objects to disclosure of the Confidential Information, and the parties cannot come to an agreement regarding the manner in which the Confidential Information will be filed with the Court, the document containing Confidential Information shall be lodged under seal with the Court by the filing Party pursuant to the requirements of Local Rule 79-5. The Designating Party shall direct an application and proposed order to the Court to justify maintaining the document under seal pursuant to the requirements of Local Rule 79-5. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Parties shall request to file under seal only the portions of such documents that contain Confidential Information and the Designating Party shall provide any supporting declarations or other documentation necessary to support the request to file Confidential

Information under seal. A party requesting to file a document under seal shall simultaneously submit a redacted version of such document for public filing.

  C. **No Effect on Party's Own Use**. A Designating Party's designation of information as Confidential Information shall not affect its own right to Communicate or use any of its information so designated.

  D. **Information Excluded From This Protective Order**. The restrictions set forth in this Protective Order shall not apply to any information which the Receiving Party can demonstrate:

    1. is available to the public at the time of disclosure hereunder; or

    2. becomes available to the public after disclosure hereunder through no act, or failure to act, by the Receiving Party.

  E. **No Legal Effect of Confidentiality Designations**. The designation by a Designating Party of any Document, material, tangible thing, or information as Confidential Information is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by a Receiving Party that the designated disclosure constitutes or contains any trade secret, confidential, or proprietary information.

  F. **Legal Process Seeking Production of Confidential Information**. In the event a Receiving Party is served with legal process seeking production of Confidential Information obtained through discovery and protected under the terms of this Protective Order, the Receiving Party shall promptly notify the Designating Party or non-party whose material is sought of the service of legal process, as well as provide the Designating Party or non-party a copy of the legal process, so that the Designating Party may seek to protect its rights in connection therewith.

  G. **Motions**. Any disputes relating to the Protective Order such as designation of confidential documents shall be done pursuant to Local Rule 37. In making or opposing any motion relating to the designation of confidential

information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted. No Party, however, shall be obligated to challenge the propriety of any designation by any other Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action of the propriety of such designations.

      H.     Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The court will not enter a protective order that extends beyond the commencement of trial.

      I.     **Effect on Discovery**. This Protective Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground that would otherwise be available, except that no Party shall object to or resist discovery conducted in accordance with this Protective Order on the ground that such information is of a sensitive or confidential nature.

      J.     **Submitting to the Jurisdiction of the Court**. Outside Counsel, the Parties, and every person to whom Confidential Information is disclosed pursuant to the terms of this Protective Order agrees to submit to the *in personam* jurisdiction of the United States District Court of the Central District of California, Western Division for purposes of enforcing his or her obligations under this Protective Order.

      K.     **Violation of Order**. The Parties stipulate that in the event of any violation or threatened violation of this Protective Order, the Court may impose any civil penalty that the Court deems just, including, but not limited to, injunctive relief and/or an order in aid of action against any Party, person or entity violating or threatening to violate this Protective Order. The Party, person or entity committing

[PROPOSED] ORDER
CV-10-8833 VBF (FMOx)

or threatening to commit such violation shall not argue or otherwise employ as a defense that the Designating Party has an adequate remedy at law. The prevailing Party in any dispute concerning a violation of the Protective Order shall be entitled to recover its reasonable attorneys' fees and costs incurred enforcing the Protective Order from the non-prevailing Party, person or entity. The foregoing remedies are in addition to, and not in substitution for, any remedy, sanction or penalty deemed appropriate by the Court for violation of this Protective Order.

IT IS SO ORDERED.

Dated: April 27th, 2010

_____/s/_____
Hon. Fernando M. Olguin
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1. My address is _____
_____

2. My present employer is _____
_____

3. My present occupation or job description is _____
_____
_____

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter Hollywood Foreign Press Association versus Red Zone Capital Partners II, L.P. and dick clark productions, inc., pending before Hon. Valerie Fairbank in the Federal District Court of the Central District of California, Western Division; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the Federal District Court of the Central District of California for the purposes of enforcement of the Protective Order.

5. I understand and agree that, pursuant to the Protective Order, I am required to and will maintain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Confidential Information, so as to prevent the unauthorized

or inadvertent disclosure of any of it.  I further understand and agree that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order.  I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____          _____
                                                              (Signature)